UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASMON STALLINGS,<br><br>           Plaintiff,<br><br>vs.<br><br>RALPH BURKYBILE, RUSSELL BAKER, TROY MAYES, SARGEANT SMITH, MICHAEL EVANS, SAUL PULIDO, DARREN DAVENPORT, FRED BEAUGUARD, and SALEH OBAISI,<br><br>           Defendants. | No. 14-cv-2202<br><br>Judge James F. Holderman<br>Magistrate Judge Maria Valdez |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff Jasmon Stallings ("Plaintiff" or "Mr. Stallings"), by and through his attorneys, Peter R. Bulmer and Michael C. Stepien of Jackson Lewis P.C., and submits his First Amended Complaint, stating as follows:

**Jurisdiction and Venue**

1. This action arises under 42 U.S.C. § 1983 and the laws and Constitution of the United States.

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and 1343(a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the majority of events giving rise to these claims occurred in Joliet, Illinois, located in Will County, in the Northern District of Illinois.

**Parties**

4. Plaintiff Jasmon Stallings, a United States citizen, is currently incarcerated at Stateville Correctional Center, Joliet, Illinois.

1

5. Defendant Ralph Burkybile ("Burkybile") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Burkybile in his individual capacity.

6. Defendant Russell Baker ("Baker") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Baker in his individual capacity.

7. Defendant Troy Mayes ("Mayes") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Mayes in his individual capacity.

8. Defendant Sargent Smith ("Smith") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Smith in her individual capacity.

9. Defendant Michael Evans ("Evans") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Evans in his individual capacity.

10. Defendant Saul Pulido ("Pulido") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Pulido in his individual capacity.

11. Defendant Darren Davenport ("Davenport") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Davenport in his individual capacity.

12. Defendant Fred Beauguard ("Beaugard") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Beaugard in his individual capacity.

13. Defendant Saleh Obaisi ("Obaisi") is a physician who contracted to treat Mr. Stallings through Wexford Health Services, Incorporated and/or the Illinois Department of

Corrections. Obaisi was responsible for the delay and refusal to properly treat Mr. Stallings's serious medical condition, of which Obaisi was keenly aware. Obaisi's actions and omissions were reckless and in callous disregard for Mr. Stallings's rights. Mr. Stallings brings this suit against Obaisi in his individual capacity.

**Factual Allegations**

14. On or about October 3, 2012, Mr. Stallings was on his way to Stateville's cafeteria for a meal when he and other inmates were sent to the bullpen to pair up.

15. While in the bullpen, Mr. Stallings asked Burkybile if he and the other inmates would be fed. Burkybile responded that Mr. Stallings would not be fed.

16. Mr. Stallings asked Burkybile to see a Major. Instead, Burkybile returned to the bullpen with at least seven other correctional officers, including Defendants Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard.

17. The correctional officers, including Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard, then wrestled and slammed Mr.Stallings to the ground, without justification or reason to view Mr. Stallings as a physical threat. Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard then handcuffed Mr. Stallings. While Mr. Stallings was on the ground, handcuffed and immobile, Baker unnecessarily rammed Mr. Stallings's head against ground.

18. While Mr. Stallings was handcuffed and immobile on the ground, Pulido instructed the other correctional officers to jump on Mr. Stallings's back. Several correctional officers, including Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard stomped on Mr. Stallings's back and neck.

3

19. Baker violently lifted Mr. Stallings up by his air, with such force that he tore Mr. Stallings's dreadlocks from his head.

20. After Mr. Stallings was on his feet, Evans rammed Mr. Stallings's head against a wall several times. Evans then caused Mr. Stallings to fall down a set of stairs.

21. Evans violently lifted Mr. Stallings's shoulder while he was handcuffed, in an effort to inflict pain to Mr. Stallings. Evans's intentional act dislocated Mr. Stallings's shoulder.

22. Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard then dragged Mr. Stallings while pushing his head towards his knees, in a deliberate effort to inflict further pain and harm on the clearly immobile Mr. Stallings. Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard took Mr. Stallings to segregation.

23. Shortly thereafter, Mr. Stallings was taken to Stateville Correctional Center's HCU, where he was seen by Obaisi.

24. Mr. Stallings informed Obaisi that he had a brain damage from an accident at age 11 and that he had seizures as a result. Mr. Stallings's incarceration records show his childhood head injury and history of seizures.

25. Mr. Stallings informed Obaisi that he had extreme shoulder and head pain from the actions of the correctional officers.

26. Obaisi informed Mr. Stallings that he should not have "assaulted" the correctional officers and ignored his complaints regarding his head and shoulder pain. Obaisi deliberately refused to treat Mr. Stallings's injuries in retaliation for what Obaisi perceived to have been Mr. Stallings's confrontation with the officers.

27. Because of Obaisi's failure to treat Mr. Stallings's dislocated shoulder, Mr. Stallings was forced to have his cellmate put his shoulder back in place. Mr. Stallings suffered great pain from this amateur procedure.

28. Mr. Stallings did not receive an x-ray on his dislocated shoulder for more than two weeks.

29. After Mr. Stallings was put in segregation, he experienced seizures caused by the actions of Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard. Mr. Stallings complained to Stateville Correctional Center employees to no avail.

30. Mr. Stallings exhausted his administrative remedies. Mr. Stallings filed a grievance regarding the conduct of the Defendant correctional officers and inadequate medical care from Obaisi. Mr. Stallings filed an appeal of his grievance denial, which was denied by the Illinois Department of Corrections Administrative Review Board on or about February 18, 2014.

31. Obaisi's refusal to treat Mr. Stallings caused Mr. Stallings both physical and mental suffering.

## Claims for Relief

### COUNT I – VIOLATION OF MR. STALLINGS'S EIGHTH AMENDMENT RIGHTS
(Against Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard)

32. Mr. Stallings incorporates herein by reference the statements and allegations contained in the paragraphs above as though fully set forth herein.

33. Mr. Stallings, as an incarcerated person, is protected by the Eighth Amendment from the excessive use of force by state corrections officers.

34. In violation of Mr. Stallings's Eighth Amendment rights, Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard used excessive force to restrain Mr. Stallings, maliciously and sadistically to cause harm.

35. Defendants Burkybile's, Baker's, Mayes', Smith's, Evans', Pulido's, Davenport's, and Beaugard's excessive force caused physical pain and suffering and mental anguish to Mr. Stallings.

36. Defendants Burkybile's, Baker's, Mayes', Smith's, Evans', Pulido's, Davenport's, and Beaugard's actions were reckless and callous in disregard to Mr. Stallings's rights and an intentional violation of the Eighth Amendment.

WHEREFORE, Mr. Stallings prays for judgment in an amount to be determined at trial; for costs; for attorneys' fees; for pre-judgment and post-judgment interest; for punitive damages; and for such other legal and equitable relief as the Court deems just and proper.

### COUNT II – VIOLATION OF MR. STALLINGS'S EIGHT AMENDMENT RIGHTS
(Against Obaisi)

37. Mr. Stallings incorporates herein by reference the statements and allegations contained in the paragraphs above as though fully and completely set forth herein.

38. Mr. Stallings had at least two medical conditions that required treatment – a dislocated shoulder and head injury of such severity that he suffered seizures.

39. Obaisi knew of Mr. Stallings's medical needs and yet deliberately refused to treat Mr. Stallings. Obaisi's actions and omissions were deliberately indifferent to Mr. Stallings's serious medical needs.

40. Obaisi's refusal to treat Mr. Stallings caused physical pain and suffering and mental anguish to Mr. Stallings.

41. Obaisi's actions and omissions were reckless and in callous disregard to Mr. Stallings's rights and an intentional violation of the Eighth Amendment.

42. Obaisi was aware that his refusal to treat Mr. Stallings's medical conditions caused pain, suffering, and mental anguish.

WHEREFORE, Mr. Stallings prays for judgment in an amount to be determined at trial; for costs; for attorneys' fees; for pre-judgment and post-judgment interest; for punitive damages; and for such other legal and equitable relief as the Court deems just and proper.

Dated: December 23, 2014

Respectfully submitted,

JASMON STALLINGS

By:      /s/ Peter R. Bulmer
       One of His Attorneys

Peter R. Bulmer
Michael C. Stepien
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601
Telephone: 312-787-4949
Facsimile: 312-787-4995
Email: bulmerP@jacksonlewis.com
      michael.stepien@jacksonlewis.com