IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASMON STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.:   14 CV 2202 |
| | ) | |
| LT. BURKYBILE, et al., | ) | Honorable James F. Holderman |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, RALPH BURKYBILE, MICHAEL EVANS, FRED BEAUGARD, TROY MAYES, DARREN DAVENPORT, RUSSELL BAKER, and SAUL PULIDO, by and through their attorney LISA MADIGAN, Attorney General of the State of Illinois, and for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint state the following:

**Jurisdiction and Venue**

1. This action arises under 42 U.S.C. § 1983 and the laws and Constitution of the United States.

**ANSWER:** Defendants admit the allegations in the above paragraph.

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and 1343(a).

**ANSWER:** Defendants admit the allegations in the above paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b) because the majority of events giving rise to these claims occurred in Joliet, Illinois, located in Will County, in the Northern District of Illinois.

**ANSWER:** Defendants admit the allegations in the above paragraph.

**Parties**

4. Plaintiff Jasmon Stallings, a United States citizen, is currently incarcerated at Stateville Correctional Center, Joliet, Illinois.

**ANSWER:** Defendants admit the allegations in the above paragraph.

5. Defendant Ralph Burkybile ("Burkybile") is a correctional officer employed at Stateville

Correctional Center. Mr. Stallings brings this suit against Burkybile in his individual capacity.

**ANSWER:** **Defendants admit that Ralph Burkybile is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Burkybile in his individual capacity but deny that he is liable to Plaintiff.**

6. Defendant Russell Baker ("Baker") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Baker in his individual capacity.

**ANSWER:** **Defendants admit that Russell Baker is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Baker in his individual capacity but deny that he is liable to Plaintiff.**

7. Defendant Troy Mayes ("Mayes") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Mayes in his individual capacity.

**ANSWER:** **Defendants admit that Troy Mayes is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Mayes in his individual capacity but deny that he is liable to Plaintiff.**

8. Defendant Sargent Smith ("Smith") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Smith in her individual capacity.

**ANSWER:** **Defendants admit that Sargent Smith is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Smith in his individual capacity but deny that he is liable to Plaintiff.**

9. Defendant Michael Evans ("Evans") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Evans in his individual capacity.

**ANSWER:** **Defendants admit that Michael Evans is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Evans in his individual capacity but deny that he is liable to Plaintiff.**

10. Defendant Saul Pulido ("Pulido") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Pulido in his individual capacity.

**ANSWER:** **Defendants admit that Saul Pulido is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Pulido in his individual capacity but deny that he is liable to Plaintiff.**

11. Defendant Darren Davenport ("Davenport") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Davenport in his individual capacity.

**ANSWER:** **Defendants admit that Darren Davenport is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Davenport in his individual capacity but deny that he is liable to Plaintiff.**

12. Defendant Fred Beauguard ("Beaugard") is a correctional officer employed at Stateville Correctional Center. Mr. Stallings brings this suit against Beaugard in his individual capacity.

**ANSWER:** **Defendants admit that Fred Beauguard is employed at Stateville Correctional Center. Defendants admit that Plaintiff purports to bring this action against Beaugard in his individual capacity but deny that he is liable to Plaintiff.**

13. Defendant Saleh Obaisi ("Obaisi") is a physician who contracted to treat Mr. Stallings through Wexford Health Services, Incorporated and/or the Illinois Department of Corrections. Obaisi was responsible for the delay and refusal to properly treat Mr. Stallings's serious medical condition, of which Obaisi was keenly aware. Obaisi's actions and omissions were reckless and in callous disregard for Mr. Stallings's rights. Mr. Stallings brings this suit against Obaisi in his individual capacity.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of the above paragraph. Defendants deny the remaining allegations in the above paragraph.**

### Factual Allegations

14. On or about October 3, 2012, Mr. Stallings was on his way to Stateville's cafeteria for a meal when he and other inmates were sent to the bullpen to pair up.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

15. While in the bullpen, Mr. Stallings asked Burkybile if he and the other inmates would be fed. Burkybile responded that Mr. Stallings would not be fed.

**ANSWER:** **Defendants deny the allegations in the above paragraph.**

16. Mr. Stallings asked Burkybile to see a Major. Instead, Burkybile returned to the bullpen with at least seven other correctional officers, including Defendants Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard.

**ANSWER:** **Defendants deny the allegations in the above paragraph.**

17. The correctional officers, including Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard, then wrestled and slammed Mr.Stallings to the ground,without justification or reason to view Mr. Stallings as a physical threat. Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard then handcuffed Mr. Stallings. While Mr. Stallings was on the ground, handcuffed and immobile, Baker unnecessarily rammed Mr. Stallings's head against ground.

**ANSWER:** **Defendants deny the allegations in the above paragraph.**

18. While Mr. Stallings was handcuffed and immobile on the ground, Pulido instructed the other correctional officers to jump on Mr. Stallings's back. Several correctional officers, including Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard stomped on Mr. Stallings's back and neck.

**ANSWER:** Defendants deny the allegations in the above paragraph.

19. Baker violently lifted Mr. Stallings up by his air, with such force that he tore Mr. Stallings's dreadlocks from his head.

**ANSWER:** Defendants deny the allegations in the above paragraph.

20. After Mr. Stallings was on his feet, Evans rammed Mr. Stallings's head against a wall several times. Evans then caused Mr. Stallings to fall down a set of stairs.

**ANSWER:** Defendants deny the allegations in the above paragraph.

21. Evans violently lifted Mr. Stallings's shoulder while he was handcuffed, in an effort to inflict pain to Mr. Stallings. Evans's intentional act dislocated Mr. Stallings's shoulder.

**ANSWER:** Defendants deny the allegations in the above paragraph.

22. Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard then dragged Mr. Stallings while pushing his head towards his knees, in a deliberate effort to inflict further pain and harm on the clearly immobile Mr. Stallings. Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard took Mr. Stallings to segregation.

**ANSWER:** Defendants deny the allegations in the above paragraph.

23. Shortly thereafter, Mr. Stallings was taken to Stateville Correctional Center's HCU, where he was seen by Obaisi.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

24. Mr. Stallings informed Obaisi that he had a brain damage from an accident at age 11 and that he had seizures as a result. Mr. Stallings's incarceration records show his childhood head injury and history of seizures.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

25. Mr. Stallings informed Obaisi that he had extreme shoulder and head pain from the actions of the correctional officers.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

26. Obaisi informed Mr. Stallings that he should not have "assaulted" the correctional officers and ignored his complaints regarding his head and shoulder pain. Obaisi deliberately refused to treat Mr. Stallings's injuries in retaliation for what Obaisi perceived to have been Mr. Stallings's confrontation with the officers.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

27. Because of Obaisi's failure to treat Mr. Stallings's dislocated shoulder, Mr. Stallings was forced to have his cellmate put his shoulder back in place. Mr. Stallings suffered great pain from this amateur procedure.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

28. Mr. Stallings did not receive an x-ray on his dislocated shoulder for more than two weeks.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

29. After Mr. Stallings was put in segregation, he experienced seizures caused by the actions of Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard. Mr. Stallings complained to Stateville Correctional Center employees to no avail.

**ANSWER:** **Defendants deny the allegations in the above paragraph.**

30. Mr. Stallings exhausted his administrative remedies. Mr. Stallings filed a grievance regarding the conduct of the Defendant correctional officers and inadequate medical care from Obaisi. Mr. Stallings filed an appeal of his grievance denial, which was denied by the Illinois Department of Corrections Administrative Review Board on or about February 18, 2014.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

31. Obaisi's refusal to treat Mr. Stallings caused Mr. Stallings both physical and mental suffering.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

**Claims for Relief**
**COUNT I – VIOLATION OF MR. STALLINGS'S EIGHTH AMENDMENT RIGHTS**
(Against Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard)

32. Mr. Stallings incorporates herein by reference the statements and allegations contained in the paragraphs above as though fully set forth herein.

**ANSWER:** **Defendants adopt and reallege their Answers to the preceding paragraphs as if fully set forth herein.**

33. Mr. Stallings, as an incarcerated person, is protected by the Eighth Amendment from the excessive use of force by state corrections officers.

**ANSWER:** Defendants admit the allegations in the above paragraph.

34. In violation of Mr. Stallings' Eighth Amendment rights, Defendants Burkybile, Baker, Mayes, Smith, Evans, Pulido, Davenport, and Beaugard used excessive force to restrain Mr. Stallings, maliciously and sadistically to cause harm.

**ANSWER:** Defendants deny the allegations in the above paragraph.

35. Defendants Burkybile's, Baker's, Mayes', Smith's, Evans', Pulido's, Davenport's, and Beaugard's excessive force caused physical pain and suffering and mental anguish to Mr. Stallings.

**ANSWER:** Defendants deny the allegations in the above paragraph.

36. Defendants Burkybile's, Baker's, Mayes', Smith's, Evans', Pulido's, Davenport's, and Beaugard's actions were reckless and callous in disregard to Mr. Stallings's rights and an intentional violation of the Eighth Amendment.

**ANSWER:** Defendants deny the allegations in the above paragraph.

WHEREFORE, Mr. Stallings prays for judgment in an amount to be determined at trial; for costs; for attorneys' fees; for pre-judgment and post-judgment interest; for punitive damages; and for such other legal and equitable relief as the Court deems just and proper.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief.

**COUNT II – VIOLATION OF MR. STALLINGS'S EIGHT AMENDMENT RIGHTS**
(Against Obaisi)

37. Mr. Stallings incorporates herein by reference the statements and allegations contained in the paragraphs above as though fully and completely set forth herein.

**ANSWER:** Defendants adopt and reallege their Answers to the preceding paragraphs as if fully set forth herein.

38. Mr. Stallings had at least two medical conditions that required treatment – a dislocated shoulder and head injury of such severity that he suffered seizures.

**ANSWER:** Defendants deny the allegations in the above paragraph.

39. Obaisi knew of Mr. Stallings's medical needs and yet deliberately refused to treat Mr. Stallings. Obaisi's actions and omissions were deliberately indifferent to Mr. Stallings's serious medical needs.

**ANSWER:** Defendants deny the allegations in the above paragraph.

40. Obaisi's refusal to treat Mr. Stallings caused physical pain and suffering and mental anguish to Mr. Stallings.

**ANSWER:** **Defendants deny the allegations in the above paragraph.**

41. Obaisi's actions and omissions were reckless and in callous disregard to Mr. Stallings's rights and an intentional violation of the Eighth Amendment.

**ANSWER:** **Defendants deny the allegations in the above paragraph.**

42. Obaisi was aware that his refusal to treat Mr. Stallings's medical conditions caused pain, suffering, and mental anguish.

**ANSWER:** **Defendants deny the allegations in the above paragraph.**

WHEREFORE, Mr. Stallings prays for judgment in an amount to be determined at trial; for costs; for attorneys' fees; for pre-judgment and post-judgment interest; for punitive damages; and for such other legal and equitable relief as the Court deems just and proper.

**ANSWER:** **Defendants deny that Plaintiff is entitled to any relief.**

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## Affirmative Defense

## First Affirmative Defense

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have know. Defendants are therefore protected from suit by the doctrine of qualified immunity.

## Second Affirmative Defense

Defendants' personal involvement has not been established with sufficient specificity to state a claim upon which relief can be granted.

## Third Affirmative Defense

Plaintiff has not exhausted available administrative remedies as required by 42 U.S.C. 1997(e), and therefore his complaint should be dismissed.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

|  |  | Respectfully submitted, |
|---|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | By: | *s/ Jeanne N. Brown*<br>JEANNE N. BROWN<br>Assistant Attorney General<br>General Law Bureau<br>100 W. Randolph St., 13th Fl.<br>Chicago, Illinois 60601<br>(312) 814-4491 |